Case 1:19-cv-00055-RAL Document 1-1 Filed 03/04/19 Page 1 of 17
Case 2:05-mc-02025 Document 198-1 Filed 03/04/19 Page 1 of 17

2/25/2019 INFOCON Corporation



# Erie County, Pennsylvania
## Prothonotary 1992 to Current

Log Off

© 2018 *INFOCON CORPORATION*, All Rights Reserved

2/25/2019 - 4:09 PM

**Functions**
- ENTER
- DONE
- EXIT
- E-MAIL
- BACK

**Prothonotary - Inquiry - Dockets Entries**

| | |
|---|---|
| Case No: | **2019-10429** |
| Case Type: | **TORT - MOTOR VEHICLE** |
| Caption: | **PATRICK LEE (vs) MURRARY R WAKEMAN, AL** |
| Filed Date/Time: | **02/11/2019   12:16** |

Position to Date: 00/00/0000   Position to Page: ___ of 1

| Sel | Date | Description | Pages | Img |
|---|---|---|---|---|
| | 02/11/2019 | CAPTION: PATRICK LEE VS MURRAY R WAKEMAN AND EURO LINK LOGISTIC | | |
| ☐ | 02/11/2019 | CIVIL COVER SHEET FILED. | 1 | 🖼 |
| ☐ | 02/11/2019 | COMPLAINT IN AN AMT IN EXCESS OF $50,000.00 PLUS ALL COSTS W/NOTICE TO DEFEND W/I TWENTY (20) DAYS; AND VERIFICATION F/MARC I SIMON ESQ. | 13 | 🖼 |

Bottom



**EXHIBIT A**

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

ERIE County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | Time Stamp |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:** Patrick Lee

**Lead Defendant's Name:** Murray R. Wakeman, et al.

**Are money damages requested?** ☒ Yes ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a Class Action Suit?** ☐ Yes ☒ No

**Is this an MDJ Appeal?** ☐ Yes ☒ No

**Name of Plaintiff/Appellant's Attorney:** Marc Simon, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☒ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.   Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

    (i)   actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

    (ii)   actions for support, Rules 1910.1 et seq.

    (iii)   actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

    (iv)   actions for divorce or annulment of marriage, Rules 1920.1 et seq.

    (v)   actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

    (vi)   voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| Patrick Lee<br>　　　　Plaintiff(s)<br><br>　　　　v.<br><br>Murray R. Wakeman<br><br>And<br><br>Euro Link Logistic<br><br>　　　　Defendant(s) | CIVIL DIVISION<br><br>No.:<br><br><br><br><br><br><br>**COMPLAINT IN CIVIL ACTION**<br><br>JURY TRIAL DEMANDED<br><br>Marc I. Simon, Esquire<br>PA I.D. #: 201798<br>Jason Whalley, Esquire<br>PA I.D. #: 208429<br>Ryan M. Flaherty, Esquire<br>PA I.D. #: 314552<br>Amanda L. Nese, Esquire<br>PA I.D. #: 318981<br>Jillian M. Corbett, Esquire<br>PA I.D. #: 321880<br>Garth Gartin, Esquire<br>PA I.D.# 307502<br>Ashley Henkle, Esquire<br>PA I.D. #324264<br>Jessica Thimons, Esquire<br>PA I.D. #317793<br><br>SIMON & SIMON, P.C.<br>707 Grant Street, Suite 1200<br>Pittsburgh, PA 15219<br>Tel: (412) 360-7257<br>Fax: (267) 639-9006 |

# NOTICE

### YOU HAVE BEEN SUED IN COURT

If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE**

Lawyer Referral & Information Service
P.O. Box 1792
Erie, PA 16507
814/459-4411
Mon –Fri 8:30 a.m – Noon; 1:15 p.m. – 3:00 p.m.

IN THE COURT OF COMMON PLEAS OF ERIE COUNTY, PENNSYLVANIA

| | |
|---|---|
| Patrick Lee | CIVIL DIVISION |
| Plaintiff(s) | |
| | No.: |
| v. | |
| Murray R. Wakeman | |
| And | |
| Euro Link Logistic | |
| Defendant(s) | |

## COMPLAINT

AND NOW, comes the Plaintiff, Patrick Lee, by and through the undersigned counsel, Marc I. Simon, Esquire and Simon and Simon, P.C., hereby and files the following Complaint and avers as follows:

1. Plaintiff, Patrick Lee, is a resident of the State of New York, residing at 61 Countess Street, Buffalo, NY 14211.

2. Upon information and belief, Defendant, Murray R. Wakeman, is a resident of Canada, residing at 2542 Rivard Avenue, Windsor, ON, Canada N8T2H3.

3. Upon information and belief, Defendant, Euro Link Logistic, is a business entity in Canada, registered to do business in the Commonwealth of Pennsylvania, with a principle place of business at 4732 Whitefish Cres, Windsor, ON, Canada N9G3E1.

4. On or about February 12, 2018, at or about 1:42 p.m., Plaintiff was the operator of a motor vehicle, traveling on Interstate 90, between Mile-Markers 10 and 12, in Erie County, PA.

5. At or about the same date and time, Defendant, Murray R. Wakeman, was the operator of a motor vehicle, owned by Defendant, Euro Link Logistic, which was traveling at or near the aforesaid intersection and/or location of the Plaintiff's vehicle.

6. At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision rear-ending Plaintiff's vehicle.

7. At all times relevant hereto, upon information and belief, Defendant, Murray R. Wakeman, was operating the aforementioned Defendant, Euro Link Logistic's vehicle as Defendant's servant and/or employee acting in the scope of its agency.

8. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his vehicle in such a manner so as to rear-end Plaintiff's vehicle.

9. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

10. As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries, including injuries to his knee in the form of a patellar tendon tear, and injuries to his lower back including disc herniation and radiculopathy, as set forth more fully below.

## COUNT I
### Patrick Lee v. Murray R. Wakeman
### Personal Injury—Negligence

11. Plaintiff incorporates by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

12. The negligence of Defendant, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of the following:

    a. Rear-ending Plaintiff's vehicle;

    b. Operating his vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

    d. Operating his vehicle in a negligent manner so as to rear-end Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

    e. Failing to have his vehicle under proper and adequate control;

    f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    g. Violation of the assured clear distance rule;

    h. Failure to keep a proper lookout;

    i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff or Plaintiff's vehicle;

    j. Being inattentive to his duties as an operator of a motor vehicle;

    k. Disregarding traffic lanes, patterns, and other devices;

    l. Driving at a dangerously high rate of speed for conditions;

    m. Failing to remain continually alert while operating said vehicle;

    n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

    p. Failing to exercise ordinary care to avoid a rear-ending collision;

    q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    r. Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

   s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

13. As a direct and consequential result of the negligent conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to his knee including tear, and injuries to his back including disc herniation and radiculopathy, all to Plaintiff's great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

17. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18. Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II
### Patrick Lee v. Euro Link Logistic
### Negligent Entrustment

19. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20. The negligence and/or carelessness of Defendant, Euro Link Logistic, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of the following:

   a. Permitting Defendant, Murray R. Wakeman, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting Defendant, Murray R. Wakeman to operate the motor vehicle when Defendant, Euro Link Logistic, knew, or in the exercise of due care and diligence, should have known that Defendant, Murray R. Wakeman, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Euro Link Logistic, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Murray R. Wakeman's negligent operation of the motor vehicle.

21. As a direct result of the negligent conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function,

permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including injuries to his knee including tear, and injuries to his back including disc herniation and radiculopathy all to Plaintiff's great loss and detriment.

22. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23. As an additional result of the carelessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

25. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

26. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT III
### Patrick Lee v. Euro Link Logistic
### Respondeat Superior

27. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

28. The negligence and/or carelessness of Defendant, Euro Link Logistic, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

   a. Rear-ending Plaintiff's vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating his vehicle without regard for the rights or safety of Plaintiff or others;

   e. Failing to have his vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

   i. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

   j. Being inattentive to his duties as an operator of a motor vehicle;

   k. Disregarding traffic lanes, patterns, and other devices;

   l. Driving at dangerously high rate of speed for conditions;

   m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q. Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

r. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

s. Driving too fast for conditions;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles;

29. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including injuries to his knee including tear, and injuries to his back including disc herniation and radiculopathy, all to Plaintiff's great loss and detriment.

30. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may

in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

31. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

32. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

33. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff demands judgment in Plaintiff's favor and against Defendant, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____
Marc I. Simon, Esquire
Simon & Simon, P.C.
707 Grant Street, Suite 1200
Pittsburgh, PA 15219
(412)-361-7257

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.


Patrick Lee (Jun 22, 2013)

```
----User Attributes----

User Name = Joseph Terry
Racf Identifier = JTERRY2
User Identifier = JTERRY2
Email Address = jterry@jfterry.com
Web Key Type = IAD
Web Key Code =
Agency Name =
Agent Number =
Company Name =
Web Operator Identifier =

----Form Parameters----

claimDocumentComments =
claimDocumentDate = 02/13/2019
claimDocumentType = 150
claimDocumentType_SELECT = 150
claimLossState = PA
claimNumber = N55111
claimRoot = /gwc/dwp1/uploads/ClaimDocumentUpload/was/
claimType = L
claimUserReference = 18-962
fileContentType = application/pdf
fileName = (Lee) Verif Complaint - Erie.pdf
insuredName = 2102973 ONTARIO INC O/A EURO LINK LOGIST
remove = Remove
remove1 =
upload = Upload selected file
```