IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| PATRICK LEE, | ) | |
| | ) | |
| Plaintiff | ) | 1:19-cv-00055-RAL |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| MURRAY R. WAKEMAN, EUROLINK | ) | UNITED STATES MAGISTRATE JUDGE |
| LOGISTIC, TRIPLE D SUPPLY, LLC, | ) | |
| FRANKLIN M DAVILLA, | ) | OPINION AND ORDER ON PLAINTIFF'S |
| | ) | MOTION IN LIMINE TO PRECLUDE |
| | ) | EVIDENCE OR REFERENCE TO |
| Defendants | ) | PLAINTIFF'S PRIOR BACK INJURY |
| | ) | |
| | ) | ECF NO. 130 |
| | ) | |

OPINION AND ORDER

Plaintiff Patrick Lee has moved *in limine* to exclude at trial any evidence of or reference to a back injury he sustained several years before the accident at issue in this diversity action. ECF No. 130. For the reasons explained herein, Plaintiff's motion will be DENIED.

Approximately 16 years prior to the accident at issue, Lee sustained a disc herniation while he was working for Rosina Foods. ECF No. 130, ¶¶ 4–6. He last received treatment for this injury sometime between 15 and 20 years ago. ECF No. 131, pp. 1-2, 22. Lee argues that, given the remoteness of this prior injury, it is not relevant to causation, damage, or any other issue in this case. As such, Lee asserts, evidence of this prior injury should be excluded under Fed. R. Evid. 401. In the alternative, Lee argues that evidence of his prior back injury is more prejudicial than probative and, therefore, it should be excluded under Fed. R. Evid. 403. Rule 403 authorizes the court to "exclude relevant evidence if its probative value is substantially

1

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendants Murray Wakeman and Eurolink Logistic respond that Lee's prior back injury is relevant to issues of causation and damages despite the years that have passed since it occurred and Lee's last treatment for it.  The weight of authority supports Defendants' position.  *See, e.g., Abed-Rabuh v. Hoobrajh*, 2019 WL 4935393, at *4 (W.D. Pa. July 10, 2019) (permitting testimony about back injury that preceded accident by 16 years).  Defendants have proffered evidence sufficient to draw a plausible link between Lee's prior back injury and at least some of the pain and limitations he is claiming in this action.  Defendants' expert, Dr. Daniel V. Loesch, opines in his report that Lee had degenerative changes in his back that "existed prior to the accident," ECF No. 128, p. 34, and Lee acknowledges that Dr. Loesch's report attributes some of Lee's ongoing pain to conditions prior the accident.  *See* ECF No. 130, ¶ 12.  Based on his review of a post-accident MRI, Dr. Loesch observed that "there is degenerative disc disease at the L5/S1 level in the form of dehydration and decreased disc height" along with a "slightly bulging" disc. ECF No. 128, p. 32.  Lee's post-accident x-rays "demonstrate degenerative disc disease with disc height loss at the L5/S1 level." *Id.*  Dr. Loesch concluded that Lee's "central and slightly left sided disc bulge with mild foraminal narrowing…are degenerative changes which would have been pre-existing." ECF No. 128, p. 33.  Evidence of a prior injury is relevant in determining the measures of damages when the lawsuit claims injury to the same part of the body.  *See Abed-Rabuh*, 2019 WL 4935393, at *4.  Relevant evidence is admissible unless otherwise prohibited.  Fed. R. Evid. 402.

The cases upon which Lee relies for exclusion of this evidence are distinguishable. In *Valentine v. Acme Markets*, Inc., the Superior Court of Pennsylvania held that the trial court abused its discretion in admitting evidence of the injured plaintiff's two prior falls. 687 A.2d 1157, 1160 (Pa. Super. Ct. 1997) (citing *Papa v. Pittsburgh Penn-Center Corp.*, 218 A.2d 783 (Pa. 1966)). In that case, however, there was no evidence that the two prior falls had resulted in any injury or condition that was even remotely like those asserted by the plaintiff in his pending lawsuit. "Testimony concerning any prior fall [is] not admissible for any purpose unless the injuries from that alleged accident [can] be connected to those claimed in the present suit, so as to raise the inference of a pre-existing condition." *Papa v. Pittsburgh Penn–Center Corp.*, 218 A.2d 783 (1966). In *Valentine,* the evidence suggested no such connection while, in this case, Lee is claiming injuries and associated pain that may relate to a preexisting injury or condition. In *Valentine*, the plaintiff's prior falls were offered as evidence concerning the cause or mechanics of his latest fall, not to show that he had a prior injury or condition that explained pain he was claiming in his pending lawsuit. Likewise, in *Papa,* evidence of a prior fall was inadmissible because the defendant made no effort at trial to connect any harm sustained in the prior fall to the injury claimed in the pending lawsuit, instead offering the evidence of that collateral matter for impeachment. 218 A.2d at 788-89.

On balance, it cannot be said that evidence of Lee's prior back injury is "substantially" more prejudicial than probative. *See Knecht v. Balanescu*, 2017 WL 4883198, at *16 (M.D. Pa. Oct. 30, 2017) (denying motion in limine to exclude evidence of prior head injury from bicycle accident when lawsuit claimed traumatic brain injury and cognitive issues); *Cannon v. MacNeal*, 2018 WL 2710009, at *3–5 (Pa. Super. Ct. June 6, 2018) (affirming partial denial of motion in limine that sought to preclude for issue of damages testimony about injured party's knee injury

3

from five years prior). Lee may mitigate any prejudice through cross-examination and rebuttal evidence.

Lee also argues that expert testimony is required to explain any causal connection between his prior injury and his current symptoms and that no such testimony is being proffered by Defendants. ECF No. 131, pp. 2-3. This argument is premature. While none of the expert witnesses' reports identify Lee's injury at Rosina Foods twenty years ago as a cause of his ongoing pain, Dr. Loesch's identification of degenerative changes predating the accident provides a sufficient factual predicate to present this issue for the jury's consideration. And the Court will permit admission of Dr. Loesch's anticipated testimony relating at least some of Lee's current symptoms to his prior back injury if it reasonably applies reliable principles and methods to the facts and data of the case. *See* Fed. R. Evid. 702. Moreover, Dr. Loesch will be subjected to cross examination to allow the jury to determine his testimony's appropriate weight.

For these reasons, Lee's motion *in limine* at ECF No. 130 is DENIED.

IT IS SO ORDERED.

DATED: February 23, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE