IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| PATRICK LEE, | ) |
| | ) |
| Plaintiff | ) 1:19-cv-00055-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| MURRAY R. WAKEMAN, EUROLINK | ) |
| LOGISTIC, TRIPLE D SUPPLY, LLC, | ) OPINION AND ORDER ON PLAINTIFF'S |
| FRANKLIN M DAVILLA, | ) MOTION IN LIMINE TO REMOVE |
| | ) QUESTION OF FACTUAL CAUSE FROM |
| | ) THE VERDICT SHEET AND JURY |
| Defendants | ) CHARGE |
| | ) |
| | ) |
| | ) ECF NO. 128 |

OPINION AND ORDER

Plaintiff Patrick Lee (Lee) has filed a Motion *in Limine* requesting that the Court remove the question of the factual cause of Lee's injuries from the jury's consideration. ECF No. 128. For the reasons stated herein, Lee's motion will be DENIED.

Lee asserts that the issue of "factual cause" should be omitted from both the jury charge and verdict slip because both parties' experts have acknowledged that Lee sustained an injury in the accident and, therefore, the jury may not reasonably find to the contrary. ECF No. 129, p. 2 (citing *Andrews v. Jackson*, 800 A.2d 959, 964 (Pa. Super. Ct. 2002)). In *Andrews*, the Pennsylvania Superior Court held that where the defendant's negligence is undisputed and both parties' medical experts agree the accident caused *some injury* to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least *some* of plaintiff's injuries. *Andrew*, 800 A.2d at 962-63.

1

Defendants Murray Wakeman (Wakeman) and Eurolink Logistic (Eurolink) respond that specific jury instructions and the content of the verdict form are not properly addressed in a motion in limine, the purpose of which is to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." ECF No. 139, p. 1 (quoting *Buddy's Plant Plus Corp. v. CentiMark Corp.*, 978 F. Supp. 2d 523, 528 (W.D. Pa. Oct. 18, 2013)).

At best, Lee's motion is premature. The final content of the jury charge and verdict form will need to be determined at the conclusion of the evidence. Although Dr. Loesch, the medical expert Defendants Wakeman and Eurolink plan to call at trial, states in his report that "Lee had a work-related injury" (ECF No. 128, p.33), expert reports are not evidence. Further, this statement and the report in general do not concede that all injuries and related conditions claimed by Lee were caused by the negligence of any one or more of the Defendants.

The Defendants properly distinguish *Andrews* on the grounds that the record has not been fully developed regarding the extent of Lee's injuries and who may be responsible for them. The issues are likely to involve more than simply determining whether Lee sustained some injury and a request that the Court issue an order removing the issue of causation entirely from the jury's consideration before any evidence is received sweeps too broadly. Depending on the evidence at trial, the jury may need to determine what injury or injuries were caused by the allegedly negligent conduct of a defendant and, if so, which defendant's conduct caused or contributed to the injury or aggravated a preexisting condition. This is particularly true in this case given the Court's prior opinion and order on the motion for summary judgment filed by Third-Party Defendants DaVilla and Triple D Supply, wherein the Court found that genuine issues of material fact remain as to the relative negligence, if any, of DaVilla and Wakeman and the extent to which such negligence caused injury to Lee. *See* ECF No. 113 (Memorandum Opinion).

Final jury instructions and the content of the verdict form will need to await a record properly developed at trial.

For these reasons, Lee's motion *in limine* at ECF No. 128 is DENIED.

IT IS SO ORDERED.

DATED: February 23, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE